UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
CECIL ROY KING AND VALERIE
HUNTER KING,

                     Plaintiffs,             **REPORT AND RECOMMENDATION**

  -against-                                 24-CV-1153 (GRB) (ST)

FEDERAL NATIONAL MORTGAGE
ASSOCIATION (FNMA), PRICILLA
ALMODOVAR (CEO), PHH MORTGAGE
CORP, GLEN A. MESSINA (CEO),
COUNSEL DAVID S. HUGHES, FOR
HOUSER LLP,

                     Defendants.
----------------------------------------------------------X

**TISCIONE, United States Magistrate Judge:**

Before this Court is a motion by Defendants Federal National Mortgage Association (FNMA) ("Defendant Fannie Mae"), Priscilla Almodovar ("Defendant Almodovar"), PHH Mortgage Corp ("Defendant PHH"), Glen A. Messina ("Defendant Messina"), and Counsel Daniel S. Hughes, for Houser LLP ("Defendant Hughes") (collectively, "Defendants") to dismiss a complaint filed by *pro se* Plaintiffs Cecil Roy King and Valerie Hunter King (collectively, "Plaintiffs") pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(1), 12(b)(2), 12(b)(5) and 12(b)(6),[1] arguing that Plaintiffs' claims are barred by the *Rooker-Feldman* doctrine, that the Court lacks personal jurisdiction over two of the individual Defendants, that Plaintiffs failed to effectuate proper service, that Plaintiffs failed to state claims upon which relief can be granted, and

---

[1] Defendants do not identify their motion as being brought pursuant to Rule 12(b)(2). However, Defendants assert several arguments that personal jurisdiction is lacking for the individual defendants, which are properly understood as motions pursuant to Rule 12(b)(2).

that Plaintiffs' claims are barred on *res judicata* grounds. The motion was referred to this Court for a Report and Recommendation by the Honorable Gary R. Brown. For the reasons set forth below, the Court respectfully recommends that Defendants' motion be GRANTED and that the matter be remanded in full to New York state court, or that, in the alternative, Defendants' motion be GRANTED and the action be DISMISSED WITH PREJUDICE.

## BACKGROUND

At this stage, the Court is required to assume Plaintiffs' alleged facts are true, drawing all reasonable inferences in Plaintiffs' favor.[2] *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014) (discussing this standard in Rule 12(b)(1) context); *Costabile v. New York City Health & Hosps. Corp.*, 951 F.3d 77, 80 (2d Cir. 2020) (discussing this standard in Rule 12(b)(6) context). The Court will also draw facts from documents outside the Complaint that are properly considerable on the motions presented. *Tandon*, 752 F.3d at 243 (courts may consider evidence outside complaint on Rule 12(b)(1) motions); *United States ex rel. Foreman v. AECOM*, 19 F.4th 85, 106 (2d Cir. 2021) (courts may consider, on Rule 12(b)(6) motions, documents attached to the complaint as exhibits, incorporated by reference, or which are integral to the complaint).

---

[2] There is some tension in case law regarding drawing inferences in favor of the party asserting jurisdiction for purposes of a 12(b)(1) motion. *See Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011) (reasonable inferences drawn in plaintiff's favor); *see also Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008), *aff'd*, 561 U.S. 247, 130 S. Ct. 2869, 177 L. Ed. 2d 535 (2010) (examining standard that reasonable inferences should be drawn in plaintiff's favor but that jurisdiction must be shown affirmatively, "and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it" (citation omitted)). *But see J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004) (ruling that courts "are not to draw inferences from the complaint favorable to plaintiffs" for purposes of subject matter jurisdiction); *Hylton v. J.P. Morgan Chase Bank, N.A.*, 338 F. Supp. 3d 263, 272 (S.D.N.Y. 2018) (same, quoting *J.S. ex rel. N.S.*). This tension is reconcilable. In short, when jurisdiction is controverted by a movant on a fact-based Rule 12(b)(1) motion, courts may examine evidence outside the pleadings and, when such evidence reveals factual problems regarding jurisdiction, the burden shifts to the plaintiffs to establish jurisdiction. *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56–57 (2d Cir. 2016). Put another way, when a fact-based challenge to jurisdiction is asserted, favorable inferences are not enough to win the day. For purposes of this motion, which asserts a fact-based challenge to jurisdiction, the Court will draw all reasonable inferences in favor of Plaintiffs, but will also examine the evidence outside the pleadings.

As Plaintiffs are proceeding *pro se,* the Court must also construe Plaintiffs' pleading liberally and interpret it to raise the strongest claims it suggests. *Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020); *Costabile*, 951 F.3d at 80. Moreover, as Plaintiffs' opposition to the instant motion contains several factual assertions that are not alleged in the Complaint, the Court will also consider the facts alleged therein, in light of the special solicitude to be afforded to *pro se* litigants. *Walker v. Schult*, 717 F.3d 119, 122 n.1 (2d Cir. 2013) ("A district court deciding a motion to dismiss may consider factual allegations made by a *pro se* party in his papers opposing the motion."); *Kiss v. Torres*, No. 21-CV-10391 (KMK), 2024 WL 1210941, at *2 (S.D.N.Y. Mar. 19, 2024) (same, collecting cases).

I. **Facts Alleged in the Complaint and Plaintiffs' Opposition.**

Plaintiffs brought this action to reclaim a property that was sold in foreclosure and to pursue various causes of action arising from a mortgage transaction that was originated at the time Plaintiffs purchased the foreclosed property. Compl. at 7, ECF No. 2-1; Pl.'s Opp'n ¶ 26, ECF No. 28.

Plaintiffs allege that, "[o]n July 29, 2004, [they] obtained a mortgage loan from Fleet National Bank" for a property located at 7 Carnaby Avenue, Coram, New York 11727. Compl. at 2–3. The mortgage transaction was supported by a Note, of which Plaintiffs attached a partial copy to the Complaint.[3] *Id.* at 8. The Note attached to the Complaint indicates that the mortgage loan was for $308,750.00. *Id.* at 8. Plaintiffs, however, "den[y] expressly, directly, and explicitly that $308,750 was borrowed from Fleet National Bank." *Id.* at 4. Plaintiffs dispute that this money was

---

[3] Plaintiffs' Complaint alleges that they "[d]eny in entirety the execution of the original note and mortgage[,] . . . except for the admission of executing a promissory note and mortgage." *Id.* at 4. The meaning of this allegation is not clear. The Note that Plaintiffs attached to the Complaint is labeled "Original Note" and appears to contain Plaintiffs' initials and signatures. *Id.* at 8. There is no indication from the Complaint that there are two separate notes which might be referred to separately as an "original note" and a "promissory note." The Court understands this allegation to mean that Plaintiffs acknowledge that they executed the Note that Plaintiffs submitted with their Complaint.

3

borrowed because Plaintiffs believed that the bank "was going to advance to [Plaintiffs] the entirety of the principal amount, as stated on the note, to the sum of $308,750.00 USD[] [a]nd in return . . . [Plaintiff] would make monthly payments." Pl.'s Opp'n ¶ 10. Plaintiffs, however, allege that they "never received any advances on the principal . . . via cash, check, or direct deposit into . . . [Plaintiff's] bank account." *Id.* ¶ 11; *see also id.* ¶¶ 6–7, 25, 41–42, 44–47, 49–53. Plaintiffs further allege that they were unaware of a variety of the loan terms, including those related to default. Compl. at 4. In any event, Plaintiffs deny "any default under the Loan Documents." *Id.*

In addition to alleging that they were misled as to, or otherwise unaware of, the nature and terms of the loan, Plaintiffs also allege several discrepancies in the loan documents. For example, Plaintiffs allege that it is unclear whether the Note was ever endorsed and that it was subsequently assigned to a different lender without proper documentation to support the assignment. Compl. at 3. It is unclear from Plaintiffs' Complaint whether they allege that the mortgage was assigned to Federal National Mortgage Association or PHH Mortgage Corporation. *Id.* However, Plaintiffs allege that, at some unidentified time, they received "a statement from PHH Mortgage Corp[oration] indicating a delinquency notice and a foreclosure referral." *Id.* Due to the discrepancies in the documentation, Plaintiffs allege that it is unclear whether PHH Mortgage Corporation had legal standing to pursue foreclosure. *Id.* at 3–5. Finally, Plaintiffs allege that Defendants "concealed the fact that the Loan[] [was] securitized," including concealing that Plaintiff's Note would be pooled with other Notes and that interests therein would be sold to investors on the stock market. Pl.'s Opp'n ¶ 16. Plaintiffs allege that this practice reduced the value of their home. *Id.* ¶ 19.

Plaintiffs allege that Defendants' conduct with respect to all of the above amounted to fraud. Specifically, Plaintiffs allege that Defendants misrepresented the nature of their loan and

4

concealed pertinent information regarding it, engaged in fraudulent practices with respect to the assignment of the Note, and submitted fraudulent or invalid documentation to the New York state court in connection with the foreclosure action in order to obtain the foreclosure on the property. *See generally* Pl.'s Opp'n; Compl.

## II.     Evidence Outside of the Pleadings.

As discussed, the Court will also consider evidence outside the pleadings in addressing this motion. To that end, in support of their motion to dismiss, Defendants submitted several exhibits regarding Plaintiffs' mortgage loan. These documents give rise to the following facts.

Plaintiffs, as alleged, originally executed a Note for a mortgage loan in 2004 for $308,750. Defs.' Ex. A, ECF No. 27-3. The mortgage was subsequently assigned in 2011. Defs.' Ex. B, ECF No. 27-4. Thereafter, in 2012, Plaintiffs sought a loan modification, which appears to have been for the purpose of making improvements to their property, and which increased the then-remaining principal balance of $286,971.92 to $342,129.12. Defs.' Ex. C, ECF No. 27-5.

On May 3, 2017, Defendant PHH commenced a foreclosure action against Plaintiffs in Suffolk County Supreme Court, alleging that Plaintiffs defaulted on the terms of the mortgage. Defs.' Ex. D, ECF No. 27-6. Plaintiffs did not appear or otherwise respond to the action, and Defendant PHH thereafter moved for default, which motion was granted on December 4, 2017. Defs.' Ex. F, ECF No. 27-8. A Judgment of Foreclosure and Sale ("JFS") was entered on April 11, 2018, and the property was sold at auction on October 3, 2019. Defs.' Ex. G, ECF No. 27-9; Defs.' Ex. H, ECF No. 27-10. On October 7, 2019, four days after the sale at auction, Plaintiffs appeared and moved to dismiss the action and cancel the notice of pendency, which the court denied on December 10, 2019. Defs.' Ex. I, ECF No. 27-11. Plaintiffs thereafter filed four additional motions

to vacate the judgment of foreclosure, all of which were denied by the state trial court. Defs.' Ex. J, ECF No. 27-12.

Plaintiffs subsequently filed an action in state court to reverse the foreclosure, which the court dismissed on *res judicata* grounds. Defs.' Ex. K, ECF No. 27-13; Defs.' Ex. L, ECF No. 27-14. Plaintiffs also made various attempts to appeal that decision, which were denied at the state appellate court and court of last resort. Defs.' Ex. M, ECF No. 27-15; Defs.' Ex. N, ECF No. 27-16. Plaintiffs then filed two suits in the Eastern District, the first of which was dismissed for want of subject matter jurisdiction, *King v. New York State*, No. 23-CV-3421(GRB)(ST), 2023 WL 5625440, at *5 (E.D.N.Y. Aug. 31, 2023), and the second of which was voluntarily dismissed by Plaintiffs, *King v. PHH Mortgage Corp.*, No. 23-CV-8557(GRB)(ST).

### III. Procedural History.

Plaintiffs initiated the instant action in New York state court on January 16, 2024, which Defendants then removed to this Court based upon federal question jurisdiction. Compl. at 1; Notice of Removal, ECF No. 1.

On May 20, 2024, Defendants filed the instant motion to dismiss, which Plaintiffs opposed. *See* Def.'s Mem. 29, ECF No. 27-1; Pl.'s Opp'n. The Honorable Gary R. Brown referred all dispositive pretrial motions to this Court for Report and Recommendation on April 4, 2024. *See* Referral Order dated April 4, 2024.

## LEGAL STANDARD

Defendants move to dismiss the Complaint under FRCP 12(b)(1), 12(b)(2), 12(b)(5), and 12(b)(6).[4] *See generally* Def.'s Mem. 3.

### I. Rule 12(b)(1) Standard

---

[4] As discussed, Defendants do not identify the motion as being brought pursuant to Rule 12(b)(2) but assert various arguments thereunder.

6

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). A defendant's challenge to an action under the *Rooker-Feldman* doctrine is properly considered a motion under Rule 12(b)(1) for lack of subject matter jurisdiction. *Hylton*, 338 F. Supp. 3d at 273; *see also Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014) (ruling *Rooker-Feldman* is jurisdictional). When a court dismisses an action for lack of subject matter jurisdiction, the dismissal must be without prejudice. *Katz v. Donna Karan Co., L.L.C.*, 872 F.3d 114, 121 (2d Cir. 2017) (in Article III standing context); *see also Hylton*, 338 F. Supp. 3d at 272 (ruling, in *Rooker-Feldman* context, that jurisdictional questions, including *Rooker-Feldman*, must be decided before ruling on the merits); *John v. Whole Foods Mkt. Grp., Inc.*, 858 F.3d 732, 735 (2d Cir. 2017) ("[W]ithout jurisdiction, [a] district court lacks the power to adjudicate the merits of [a] case or dismiss a case with prejudice.").

A Rule 12(b)(1) motion may be either facial or fact-based. *Carter*, 822 F.3d at 56. When the motion is facial, *i.e.*, based solely on the allegations of the pleading including the complaint and any exhibits attached to it, the plaintiff has no evidentiary burden. *Id.*; *see also Amidax*, 671 F.3d at 145. The task of the district court is to determine whether the pleading "allege[s] facts that affirmatively and plausibly suggest that [the plaintiff] has standing to sue." *Carter*, 822 F.3d at 56.

Alternatively, a defendant is permitted to make a fact-based Rule 12(b)(1) motion, proffering evidence beyond the pleading. *See, e.g., Amidax*, 671 F.3d at 145; *Robinson v. Government of Malaysia*, 269 F.3d 133, 140 n.6 (2d Cir. 2001). "[I]f the affidavits submitted [by the defendant] on a 12(b)(1) motion . . . reveal the existence of factual problems" in the assertion of jurisdiction, plaintiffs must present evidence controverting the alleged defects. *Carter*, 822 F.3d

7

at 57. Thus, when a defendant makes a fact-based challenge to jurisdiction, the plaintiff "has the burden of proving by a preponderance of the evidence that [jurisdiction] exists." *Tandon*, 752 F.3d at 243 (quoting *Makarova*, 201 F.3d at 113). However, if the defendant's proffered evidence is immaterial because it does not contradict plausible allegations that are themselves sufficient to show standing, then the plaintiffs are entitled to rely on the allegations in the pleading. *Carter*, 822 F.3d at 57.

Finally, "[w]here jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits." *Tandon*, 752 F.3d at 243 (quoting *APWU v. Potter*, 343 F.3d 619, 627 (2d Cir. 2003)). As discussed, Defendants have submitted several documents regarding prior actions between the parties, and thus the instant motion presents a fact-based challenge to jurisdiction.

### II.    *Pro Se* Pleading Standard

The Court must hold a complaint filed *pro se*, "however inartfully pleaded," to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013) (noting that a court must interpret a *pro se* complaint to "raise the strongest claims that it suggests."). Even so, the Court may not "invent factual allegations that [a *pro se* plaintiff] has not pled." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010); *see Williams v. Richardson*, 425 F. Supp. 3d 191, 201 (S.D.N.Y. 2019) ("[T]he duty to liberally construe a plaintiff's complaint is not the equivalent of a duty to re-write it." (internal citations omitted)). Dismissal of a *pro se* complaint is therefore appropriate where the plaintiff has failed to meet the minimum pleading requirements. *Temple v. Hudson View Owners Corp.*, 222 F. Supp. 3d 318, 323 (S.D.N.Y. 2016).

8

## DISCUSSION

Defendants move to dismiss Plaintiffs' Complaint on a variety of grounds, including *res judicata*, the *Rooker-Feldman* doctrine, failure to state a claim on the grounds that various requisite elements of the causes of action have not been alleged, failure to effectuate proper service, a lack of personal jurisdiction over two of the individual defendants, and a veil piercing argument with respect to two of the individual defendants. *See generally* Defs.' Mem. Defendants do not clearly label the grounds for all of these arguments, but they span jurisdictional and non-jurisdictional issues. However, the Court must first address jurisdictional issues before it can proceed to the merits. *Hylton*, 338 F. Supp. 3d at 272 (citing *Sinochem Int'l Co., Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007)). To that end, the Court will first categorize Defendants' arguments before examining them accordingly.

Defendants' argument that Plaintiffs' claims are barred by the *Rooker-Feldman* doctrine is a jurisdictional argument, properly understood as one for lack of subject matter jurisdiction under Rule 12(b)(1). *Hylton*, 338 F. Supp. 3d at 273. Defendants' arguments regarding personal jurisdiction are aptly named in that they, too, are jurisdictional and must precede merits determinations. *Beijing Neu Cloud Oriental Sys. Tech. Co. v. Int'l Bus. Machines Corp.*, 110 F.4th 106, 111 n.2 (2d Cir. 2024). To the extent that Defendants' arguments for lack of personal jurisdiction rely upon the arguments regarding improper service with respect to the individual defendants, those service arguments would also be jurisdictional in nature. Finally, Defendants' veil piercing argument is identified as falling under personal jurisdiction, but the grounds for this argument are not immediately clear, as Defendants' only citation is to an action to compel arbitration. Defs.' Mem. at 28. It seems best understood as an Article III injury argument, in that it effectively argues that two of the individual defendants cannot properly be understood to have

9

caused injury because they had no personal involvement in the foreclosure action and corporate veil principles preclude individual liability. To the extent Defendants have cited no applicable case law and have failed to clearly identify the grounds for this argument, the Court deems it perfunctory and thus waived. *LCS Grp., LLC v. Shire Dev. LLC*, No. 20-2319, 2022 WL 1217961, at *3 n.1 (2d Cir. Apr. 26, 2022) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.") (quoting *Tolbert v. Queens Coll.*, 242 F.3d 58, 75 (2d Cir. 2001)).

By contrast, a motion to dismiss brought on *res judicata* grounds is properly understood as one brought under Rule 12(b)(6), and a decision on such grounds constitutes a decision on the merits. *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 498 (2d Cir. 2014). Moreover, Defendants' arguments regarding failure to state a claim with respect to the various causes of action are also merits issues.

Having determined the jurisdictional and non-jurisdictional issues, the Court will begin by addressing Defendants' *Rooker-Feldman* argument because it relates to all of the claims at issue, whereas Defendants' other jurisdictional arguments only relate to the individual defendants.

**I. Defendants' Motion Under Rule 12(b)(1) to Dismiss Plaintiffs' Complaint as Barred by the *Rooker-Feldman* Doctrine Should Be Granted, but the Action Should Be Remanded to State Court, Because Defendants Improperly Removed this Action to Federal Court.**

"Under the *Rooker–Feldman* doctrine, federal district courts lack jurisdiction over cases that essentially amount to appeals of state court judgments." *Vossbrinck*, 773 F.3d at 426 (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283–84 (2005)).

> There are four requirements for the application of *Rooker-Feldman*: (1) the federal-court plaintiff lost in state court; (2) the plaintiff complains of injuries caused by a state court judgment; (3) the plaintiff invites . . . review and rejection of that judgment; and (4) the state judgment was rendered before the district court proceedings commenced.

10

*Id.* (quoting *Hoblock v. Albany Cnty. Bd. of Elecs.*, 422 F.3d 77, 85 (2d Cir. 2005)) (internal quotations and alterations omitted).

Defendants argue that "Plaintiffs['] federal claims are barred by the *Rooker-Feldman* doctrine" because they were brought for the purpose of unwinding the foreclosure sale. Defs.' Mem. at 9. In support, Defendants provide several reasons why Plaintiffs' claims effectively attempt to appeal the state court foreclosure judgment. Defs.' Mem. at 10–11. The problem with Defendants' argument is the characterization that these claims are Plaintiffs' *federal claims*. Indeed, in support of their argument, Defendants rely on the Second Circuit's decision in *Vossbrinck v. Accredited Home Lenders, Inc.*, but apparently overlook its holding. Critically, while the Second Circuit held in *Vossbrinck* that claims that a foreclosure action was begotten by fraud are barred by *Rooker-Feldman*, the Court's holding continued as follows:

> While we agree with the district court that *Rooker–Feldman* bars such claims, the district court erred in dismissing these claims outright. Vossbrinck's claims that Defendants made fraudulent representations during the foreclosure action were removed by Deutsche Bank from state court to federal court. The *Rooker–Feldman* doctrine pertains not to the validity of the suit but to the federal court's subject matter jurisdiction to hear it. When a case has been removed from state court to federal court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Thus, to the extent the barred fraud claims originated in Vossbrinck's state-court complaint, the district court's judgment dismissing the claims should be vacated and those claims remanded to state court. When a defendant is sued in state court on a claim appropriately brought in state court, which a federal court would be powerless to adjudicate, the defendant may not defeat the claim by removing it to federal court and then obtaining its dismissal on the grounds of the federal court's lack of jurisdiction.

*Vossbrinck*, 773 F.3d at 427 (internal citations omitted). Thus, to the extent that Plaintiffs' claims are barred by *Rooker-Feldman*, this Court lacks jurisdiction to hear those claims. However Defendants, who improperly removed the action notwithstanding the lack of jurisdiction, cannot now rely on that lack of jurisdiction to secure dismissal. To that end, the Court will determine

11

which of Plaintiffs' claims are barred by *Rooker-Feldman* and must be remanded back to state court.

Plaintiffs' Complaint brings the following causes of action: (1) a violation of the Real Estate Settlement Procedures Act ("RESPA"); (2) an action under Rule 10b-5 of the Securities Exchange Act; (3) an action under the Truth in Lending Act ("TILA"); (4) an action under the California Consumer Privacy Act; (5) an action for breach of contract; (6) an action for fraudulent misrepresentation.[5] Compl. at 6–7; Pl.'s Opp'n at 10. Plaintiffs' prayed-for relief on these causes of action are that the property be returned to Plaintiffs, that the payments and down payment made on the mortgage loan be returned to Plaintiffs', and that the Court enter a declaratory judgment to the effect that Plaintiff has full title in the property free from any encumbrances. Pl.'s Opp'n 19–20; Compl. at 7. All of these claims are barred by *Rooker-Feldman* because the relief sought "invites review and rejection of the state judgment," *Vossbrinck*, 773 F.3d at 427 (cleaned up), in that the damages alleged all arise "from the unfavorable state court judgment." *Fiorilla v. Citigroup Glob. Markets, Inc.*, 771 F. App'x 114, 115 (2d Cir. 2019). Indeed, courts in this District to have addressed causes of action alleging fraudulent foreclosures have routinely held such claims barred by the *Rooker-Feldman* doctrine. *Lorick v. Kilpatrick Townsend & Stockton LLP*, No. 18-CV-7178 (ENV), 2021 WL 7906510, at *5–8 (E.D.N.Y. Aug. 20, 2021), *report and recommendation adopted*, No. 18CV7178ENVRLM, 2022 WL 1104849 (E.D.N.Y. Apr. 13, 2022) (discussing, at length, the precedent regarding the *Rooker-Feldman* as it relates to fraudulent foreclosure actions in this District).

---

[5] Plaintiffs also assert claims under criminal statutes including tax evasion and grand larceny. Under well-established law of the Supreme Court and Second Circuit, private plaintiffs cannot bring causes of action under criminal statutes, *see Townsend v. Dordofsky*, No. 1:13-CV-1603 MAD/ATB, 2014 WL 1572884, at *6 (N.D.N.Y. Apr. 18, 2014) (collecting cases), and thus the Court disregards criminal claims asserted in Plaintiffs' filings.

As a result, this Court lacks subject matter jurisdiction to reach a determination on the merits of Plaintiffs' claims. Thus, the Court respectfully recommends that this action be remanded in full back to the Suffolk County Supreme Court. *See Vossbrinck*, 773 F.3d at 427.

## II. Plaintiffs' Claims Are Nevertheless Barred by the Doctrine of Res Judicata.[6]

Courts deciding motions under the *Rooker-Feldman* doctrine often address, in the alternative, whether claims are barred by the doctrine of *res judicata*. *Vossbrinck*, 773 F.3d at 427 ("To the extent Vossbrinck's *pro se* complaint can be liberally construed as asserting fraud claims that are not barred by *Rooker–Feldman* . . . we nonetheless affirm the dismissal of those claims [on *res judicata* grounds]."). To that end, the Court makes reference to the thorough and lengthy discussion in *Lorick v. Kilpatrick Townsend & Stockton LLP* regarding why claims effectively identical to those at issue here are barred by the doctrine of *res judicata* under New York law. *Lorick*, 2021 WL 7906510, at *8–11; *see also Dekom v. Fannie Mae*, 846 F. App'x 14, 19 (2d Cir. 2021) ("Under the Full Faith and Credit Act, 28 U.S.C. § 1738, we must apply New York *res judicata* law to New York state court judgments." (citation omitted)). Indeed, the Second Circuit has recently held the same in an action alleging RESPA, TILA, and fraud claims regarding a New York state court foreclosure judgment—causes of action which are also alleged in the case at bar. *Dekom*, 846 F. App'x at 19–21. Moreover, the New York state court has already itself ruled that an action filed by Plaintiffs to unwind the foreclosure sale at issue here was barred by *res judicata* under New York law. *See* Defs.' Ex. L. As such, in the alternative, the Court respectfully

---

[6] While Defendants raise other jurisdictional arguments that would typically be addressed before issues addressed to the merits of the claims, the merits argument with respect to *res judicata* disposes of all claims, whereas the personal jurisdiction arguments pertain only to some of the defendants. Moreover, personal jurisdiction is waivable. *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000). As Defendants would likely prefer an adjudication of all claims on the merits, one would presume that Defendants would consent to personal jurisdiction in the event the Court could reach such a holding. To that end, because courts can avoid jurisdictional questions for waivable hurdles thereto when the "jurisdictional issue[s are] complex and the merits are straightforward," *see Springfield Hosp., Inc. v. Guzman*, 28 F.4th 403, 415–17 (2d Cir. 2022), the Court proceeds to a straightforward merits issue that disposes of all claims.

13

recommends that, should the District Judge find the action properly considerable on the merits, that the action nevertheless be dismissed with prejudice on the grounds that it is barred by the doctrine of *res judicata*.

## CONCLUSION

For the reasons set forth above, the Court respectfully recommends that Defendants' motion to dismiss be GRANTED and that the action be REMANDED IN FULL to the Suffolk County Supreme Court or, in the alternative, that Defendants' motion be GRANTED, and that Plaintiffs' action be DISMISSED WITH PREJUDICE.

## OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Marcella v. Capital Dist. Physicians' Health Plan, Inc.*, 293 F.3d 42, 46 (2d Cir. 2002); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

**SO ORDERED.**

    /s/    Steven Tiscione
Steven Tiscione
United States Magistrate Judge
Eastern District of New York

Dated: Central Islip, New York
       March 10, 2025